# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| KRISTA M. CASSIDY,<br><br>Plaintiff,<br><br>v.<br><br>UNION SECURITY INSURANCE COMPANY,<br><br>Defendant. | Civil No. 16-4087 (JRT/FLN)<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Mark M. Nolan, **NOLAN, THOMPSON & LEIGHTON, PLC**, 5001 American Boulevard West, Suite 595, Bloomington, MN 55437, for plaintiff.

S. Russell Headrick and Robyn L. Anderson, **LATHROP & GAGE LLP**, 2345 Grand Boulevard, Suite 2200, Kansas City, MO 64108; and Terrance J. Wagener, **MESSERLI & KRAMER**, 1400 Fifth Street Towers, 100 South Fifth Street, Minneapolis, MN 55402, for defendant.

Plaintiff Krista M. Cassidy ("Cassidy") seeks payment of benefits under a long-term disability plan ("the Plan") that her employer, Great Northern Bank ("Great Northern"), purchased from Defendant Union Security Insurance Company ("Union Security") through the Minnesota Bankers Association Employee Benefits Trust (the "Bankers Association"). After unsuccessfully appealing an adverse benefit determination through Union Security's internal review process, Cassidy filed this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3). (Compl., Dec. 15, 2016, Docket No. 1). Subsequently, Cassidy moved for the Court to review Union Security's determination *de novo*. (Mot., Apr. 10, 2017, Docket No. 14.)

United States Magistrate Judge Franklin Noel issued a Report and Recommendation ("R&R") that the Court grant Cassidy's motion. (R&R at 6, Aug. 18, 2017, Docket No. 22.) The Magistrate Judge found that the Bankers Association, as Plan Administrator, lacked inherent discretionary authority to delegate to Union Security, that Union Security therefore lacked such discretionary authority, and that the Court should therefore review the determination *de novo*. (*Id.* at 5-6.) Union Security timely objected to the R&R on the grounds that the Magistrate Judge did not consider whether the Bankers Association, as Plan Sponsor, had plenary authority to confer discretionary authority on Union Security. (Objs. to R&R at 4-8, Sept. 1, 2017, Docket No. 25.) The Court will find that the Bankers Association, as Plan Sponsor, does have the authority to bestow discretionary authority, and will return the matter to the Magistrate Judge to determine whether the Plan's authority provision was sufficient to do so.

## DISCUSSION

As a preliminary matter, the parties dispute the proper standard of review to apply to the R&R. Union Security argues that the Court should conduct a *de novo* review under Federal Rule of Civil Procedure 72(b). Cassidy counters that, because the underlying motion is not dispositive, this Court should only determine if the R&R "is clearly erroneous or is contrary to law" under Rule 72(a). Neither Rule precisely fits this case: Rule 72(a) contemplates review of "a written order," while Rule 72(b) contemplates review of R&Rs on "dispositive motions." Here, without deciding whether the underlying motion is dispositive, the Magistrate Judge issued an R&R stating that the

district court would conduct a *de novo* review of any objections.[1]  (R&R at 6.)  The Court deems it appropriate under these circumstances to apply a *de novo* standard.  *See Dyrda v. Wal-Mart Stores, Inc.*, 41 F. Supp. 2d 943, 945 (D. Minn. 1999).  In applying *de novo* review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

Turning to the merits, the Supreme Court has held that courts must review a determination of ERISA benefits *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  In keeping with *Firestone*, the Magistrate Judge determined that the Bankers Association, as Plan Administrator, does not have inherent discretionary authority.  Union Security concedes that the Bankers Association, as Plan Administrator, does not have inherent discretionary authority – but argues that the Bankers Association, as Plan Sponsor, has plenary authority to confer discretionary authority onto an administrator or fiduciary.

---

[1] Both parties cite cases more helpful to the other side.  Union Security cites *First Fin. Sec., Inc. v. Lee*, No. 14-CV-1843 (PJS/SER), 2016 WL 881003 (D. Minn. Mar. 8, 2016), as an example of a "district court review[ing] *de novo* the magistrate's ruling and recommendation as to ERISA standard of review."  (Objs. to R&R at 3.)  But *Lee* was not an ERISA case, and the court applied *de novo* review because the sanctions recommended were "potentially dispositive."  *Lee*, 2016 WL 881003, at *1 n.2.  Meanwhile, Cassidy cites *Spano v. Boeing Co.*, No. 06-CV-0743-NJR-DGW, 2015 WL 4941698, at *2 (S.D. Ill. Aug. 19, 2015), as an example of a court's review of a non-dispositive R&R under Rule 72(a).  But the *Spano* court noted that it was "not entirely clear which standard applies to this hybrid circumstance" before holding that the R&R would be adopted under either.  *Id.*

*Firestone* does not spell out the source of authority for including a grant of discretionary authority in the terms of a benefit plan. But ERISA itself does.

ERISA defines the multiple roles involved in the establishment and administration of a benefit plan. First, a plan sponsor is an employer, employee organization, or employer association that establishes and maintains a benefit plan. 29 U.S.C. § 1002(16)(B). A plan sponsor is analogous to the settlor of a trust and may adopt, modify, or terminate a benefit plan however it sees fit.[2] *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996). Second, a plan administrator is "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(i). If the terms of the plan do not identify an administrator, the plan sponsor takes on the secondary role of administrator by operation of law. *See* 29 U.S.C. § 1002(16)(A)(ii); *Firestone*, 489 U.S. at 105. And a fiduciary is one who "exercises any discretionary authority or discretionary control respecting management of [a] plan or exercises any authority or control respecting management or disposition of its assets." *Id.* § 1002(21)(A)(i). A plan sponsor takes on the secondary role of fiduciary to the extent that it exercises discretionary authority to administer the plan, but not to the extent that it adopts, modifies, or terminates a plan. That is, the plan sponsor may take on subsidiary roles, but it simultaneously remains plan sponsor. *Spink*, 517 U.S. at 890-91.

---

[2] Cassidy submits that *Firestone* "soundly rejected the argument that a plan sponsor/fiduciary/trustee/plan administrator has inherent discretionary authority." (Resp. to Objs. at 4, Sept. 14, 2017, Docket No. 28.) But *Spink* shows that a plan sponsor is analogous to a trust's settlor, who sets the terms, not a trustee, who must act within them. 517 U.S. at 890.

Cassidy's interpretation of ERISA would mean that a plan sponsor may always grant itself discretionary authority – but may never grant the same authority to a third party unless and until it grants itself the power to do so. The cases Cassidy cites do not interpret ERISA to contain such a requirement; indeed, only one mentions a plan sponsor's grant of authority to itself. In *McKeehan v. CIGNA Life Ins. Co.*, a plan sponsor conferred discretionary authority on itself but not on a fiduciary. Although the court noted the sponsor's grant to itself, it did not suggest it was required for a secondary grant to be valid.[3] 344 F.3d 789, 793 (8th Cir. 2003). Similarly, in *Groves v. Metro. Life Ins. Co.*, a sponsor conferred discretionary authority on itself and appointed an administrator to handle claims "in accordance with the terms of the Plan." 438 F.3d 872, 874 (8th Cir. 2006). Although the court held those actions sufficed as a grant of authority to the administrator, it did not suggest that an express grant to an administrator would be invalid absent a sponsor's grant to itself. *See id.*

The source of confusion seems to be that one party filled all three roles in *Firestone*: Firestone was simultaneously plan sponsor, plan administrator, and fiduciary.

---

[3] The other cases Cassidy cites each seem to take for granted the proposition that a plan sponsor's power to establish or amend the plan includes the power to include an authority provision granting discretionary authority to a plan administrator or fiduciary. *See Finley v. Special Agents Mut. Benefit Ass'n*, 957 F.2d 617, 619 (8th Cir. 1992) (applying *de novo* review to interpret an authority provision); *Jacobs v. Pickands Mather & Co.*, 933 F.2d 652, 656 (8th Cir. 1991) (requiring *de novo* review when plan lacked an authority provision, regardless of plan sponsor's intent); *Wallace v. Firestone Rubber & Tire Co.*, 882 F.2d 1327, 1329-30 (8th Cir. 1989) (requiring *de novo* review when plan lacked an authority provision for Firestone, as plan administrator, even though Firestone, as plan sponsor, could amend the plan).

489 U.S. at 105.  It was the sole source of funding and did not outsource its claim management.  *Id.*  Firestone, as plan sponsor, failed to include in its benefit plan any language granting discretionary authority to Firestone, as plan administrator, or Firestone, as fiduciary – or to anyone else.  *Id.* at 112.  The Supreme Court held that this lack of discretion-conferring language in the Plan required the district court to apply a *de novo* standard when reviewing eligibility determinations.  *Id.* at 115.  But *Firestone* only says that administrators and fiduciaries lack inherent discretionary authority absent an express grant.  It does not say that a plan sponsor lacks the authority to make such an express grant to an administrator or fiduciary.  *See id.*

Here, like in *Firestone*, the Plan Sponsor and Plan Administrator are the same.  *Cf.* 489 U.S. at 105.  Plan documents identify the Bankers Association as Policy Holder, Plan Sponsor, and Plan Administrator.[4]  (Aff. of Mark M. Nolan ("Nolan Aff.") ¶ 2, Ex. A at 1, Apr. 10, 2017, Docket No. 17; Nolan Aff. ¶ 3, Ex. B at 2.)  But here, unlike in *Firestone*, a third party is involved.  The Bankers Association, as Plan Sponsor, included in the Plan a provision purporting to grant Union Security the authority to determine eligibility for benefits and to interpret the Plan's terms.[5]  (Nolan Aff. ¶ 2, Ex. A at 32.)

---

[4] "Plan documents explaining an ERISA plan for employees are generally acceptable evidence of the plan terms."  *Groves*, 438 F.3d at 874 n.2.

[5] The authority provision reads in full:  "The policyholder delegates to us and agrees that we have the authority to determine eligibility for participation or benefits and to interpret the terms of the policy.  However, this provision will not restrict any right you may have to pursue an appeal or file a lawsuit if your claim for benefits is denied."  (Nolan Aff. ¶ 2, Ex. A at 32.)

Because this grant of authority falls under the wide net of "any discretionary authority," Union Security meets the statutory definition of "fiduciary." *See* 29 U.S.C. § 1002(21)(A)(i).

The remaining question is whether the Plan's authority provision is sufficient to bestow "entirely" discretionary authority. *See Firestone*, 489 U.S. at 113 (distinguishing a fiduciary with "entirely" discretionary authority, meriting deference, from one with merely "any" discretionary authority). If the authority provision bestows "entirely" discretionary authority on Union Security, the Plan fulfills *Firestone*'s requirement that it "gives the administrator or fiduciary discretionary authority" and *de novo* review is unwarranted. *Id.* at 115. Because the Magistrate Judge did not have reason to reach this question in the R&R, the Court will return this matter to the Magistrate Judge to resolve.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **SUSTAINS in part** Defendant's objections [Docket No. 25] and **RETURNS** the matter [Docket No. 22] to the Magistrate Judge with instructions to reconsider the proper standard of review in light of Union Security's role as Plan Sponsor.

DATED:  November 8, 2017            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                 JOHN R. TUNHEIM
                                                               Chief Judge
                                           United States District Court