UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Krista Cassidy,                                              Civil No. 16-4087 (JRT/FLN)

                 Plaintiff,
v.                                                           **REPORT AND RECOMMENDATION ON REMAND**

Union Insurance Company,

                 Defendant.
_____

Mark Nolan, for Plaintiff.
Robyn Anderson, for Defendant.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 1, 2017, on Plaintiff Krista Cassidy's motion for *de novo* review (ECF No. 14). This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. *See* ECF No. 47. For the reasons set forth below, the Court recommends that Plaintiff's motion be **DENIED**.

**A.     Background**[1]

This case stems from Plaintiff's purchase of long term disability coverage ("LTD") from her employer Great Northern Bank and Defendant's termination of LTD benefits after Plaintiff suffered a series of strokes. *See* ECF No. 1. Defendant initially provided Plaintiff with LTD benefits, but ultimately terminated Plaintiff's LTD coverage when it concluded that she was able to resume working. *See id.* The LTD plan at issue identified the Minnesota Bankers Association Employee Benefits Trust as the plan Administrator, Policy Holder, and Sponsor; however, the plan did not identify a fiduciary. *See* ECF No. 17, Exs. A, B. Plaintiff's Complaint seeks

---

1 A more complete case background is available in this Court's previous Report and Recommendation. *See* ECF No. 22.

recovery of benefits and clarification of future rights under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3). *See* ECF No. 1

On April 10, 2017, Plaintiff moved the Court to apply a *de novo* standard in reviewing Defendant's interpretation of the ERISA policy at issue and the termination of her LTD benefits. *See* ECF No. 14. On August, 18, 2017, this Court issued a Report and Recommendation, recommending that Plaintiff's request to apply a *de novo* standard be granted. *See* ECF No. 22. District Court Chief Judge John R. Tunheim reversed, in part, this Court's August 18, 2017, Report and Recommendation, and remanded the matter for further consideration. *See* Revised Order, ECF No. 45. Specifically, Judge Tunheim's December 6, 2017, Revised Order concluded that Defendant satisfied the definition of fiduciary under ERISA and remanded Plaintiff's motion for *de novo* review to this Court to resolve the question of whether the "authority provision" in the ERISA plan at issue "is sufficient to bestow discretionary authority to determine eligibility for benefits or to construe the terms of the plan upon Defendant as fiduciary such that *de novo* review is unwarranted." *Id.* at 7.

**B.      Legal Standard**

An ERISA claimant may bring a suit "to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "Consistent with established principles of trust law . . . a denial of benefits challenged under [ERISA] is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the [plan terms]." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In the Eighth Circuit, when an insurance policy sets forth the terms of the ERISA plan, the abuse-of-discretion standard applies only if the

ERISA policy at issue includes explicit discretion-granting language. *See Walke v. Grp. Long Term Disability Ins.*, 256 F.3d 835, 839 (8th Cir. 2001).

C.   **Legal Analysis**

The narrow question before this Court on remand is whether the "Authority Section" of the plan and attendant policy at issue supports the Court's application of a deferential standard of review in evaluating Defendant's termination of Plaintiff's LTD benefits. ECF No. 17, Ex. A. at 29; s*ee also* ECF No. 45 at 7. The "Authority Section" provides:

> [t]he policyholder delegates to us and agrees that we have the authority to determine eligibility for participation or benefits and to interpret the terms of the policy. However, this provision will not restrict any right you may have to pursue an appeal or file a lawsuit if your claim for benefits is denied.

ECF No. 17, Ex. A. at 29. This Court concludes that the authority provision contains explicit discretion-granting language insofar as it confers upon Defendant the authority to determine benefit eligibility and to interpret the policy terms. *See Walke*, 256 F.3d at 839. Under the *Firestone* standard, whether the authority provision vests Defendant with exclusive or primary discretionary authority is not controlling. Rather, the question is simply whether "the benefit plan gives the administrator or fiduciary *discretionary authority* to determine eligibility for benefits or to construe the [plan terms]." *Firestone*, 489 U.S. at 115 (emphasis added). Here, because the District Court has concluded that Defendant is the plan fiduciary and this Court concludes that the policy authority provision confers discretionary authority upon Defendant, as plan fiduciary, to determine benefit eligibility and construe policy terms, the Court must apply a deferential standard of review in evaluating Defendant's termination of Plaintiff's LTD benefits. *See id.*

3

**D.     Recommenation**

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for *de novo* review (ECF No. 14) is **DENIED**.

DATED: January 11, 2018                              *s/Franklin L. Noel*
                                                                                     FRANKLIN L. NOEL
                                                                                     United States Magistrate Judge

**NOTICE:**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).