## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| KRISTA M. CASSIDY,<br><br>Plaintiff,<br><br>v.<br><br>UNION SECURITY INSURANCE COMPANY,<br><br>Defendant. | Civil No. 16-4087 (JRT/FLN)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Mark M. Nolan, **NOLAN, THOMPSON & LEIGHTON, PLC**, 5001 American Boulevard West, Suite 595, Bloomington, MN 55437, for plaintiff.

Robyn L. Anderson and S. Russell Headrick and Robyn L. Anderson, **LATHROP & GAGE LLP**, 2345 Grand Boulevard, Suite 2200, Kansas City, MO 64108; and Terrance J. Wagener, **MESSERLI & KRAMER P.A.**, 1400 Fifth Street Towers, 100 South Fifth Street, Minneapolis, MN 55402, for defendant.

Plaintiff Krista M. Cassidy brings this Employee Retirement Income Security Act ("ERISA") action seeking benefits under a long-term disability policy ("the Plan") issued by Defendant Union Security Insurance Company ("Union Security") through the Minnesota Bankers Association Employee Benefits Trust (the "Bankers Association"). (Compl., Dec. 15, 2016, Docket No. 1). Cassidy moved for de novo review of Union Security's adverse benefits determination. (Mot., Apr. 10, 2017, Docket No. 14.) United States Magistrate Judge Franklin Noel issued a Report and Recommendation ("R&R") that the motion be denied because the Plan explicitly bestows discretionary authority to make benefit

determinations upon Union Security. (R&R at 3-4, Jan. 12, 2018, Docket No. 48.) Cassidy objected, contrasting the Plan's authority provision with more explicit provisions in other Union Security policies and in Eighth Circuit precedent. (Pl.'s Objs. to R&R at 3, 6, Jan. 26, 2018, Docket No. 49.) Nonetheless, it is clear enough to grant the relevant authority. As such, the Court will overrule her objections, adopt the R&R, and deny the motion.

## DISCUSSION

When a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

Courts review a determination of ERISA benefits de novo "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Here, Plan documents identify the Bankers Association as Policy Holder, Plan Sponsor, and Plan Administrator, but do not explicitly designate any

fiduciaries. (Aff. of Mark M. Nolan ("1st Nolan Aff.") ¶ 2, Ex. A at 1, Apr. 10, 2017, Docket No. 17; 1st Nolan Aff. ¶ 3, Ex. B at 2.) However, the Bankers Association – as Plan Sponsor – included in the Plan a provision purporting to grant Union Security the authority to determine eligibility for benefits and to interpret the Plan's terms. *Cassidy v. Union Sec. Ins. Co.*, No. 16-4087, 2017 WL 6061620, at *3 (D. Minn. Dec. 6, 2017). Because this grant of authority falls under the wide net of "any discretionary authority," Union Security meets the statutory definition of "fiduciary." *Id.* (citing 29 U.S.C. § 1002(21)(A)(i)). But the question remains whether the grant of authority is sufficient to bestow "discretionary authority to determine eligibility for benefits or to construe the terms of the plan" upon Union Security as fiduciary such that de novo review is unwarranted. *See Firestone*, 489 U.S. at 115.

"[W]hen an insurance policy is the ERISA plan," courts must determine whether the contested provision uses "explicit discretion-granting language." *Walke v. Grp. Long Term Disability Ins.*, 256 F.3d 835, 839 (8th Cir. 2001) (quoting *Bounds v. Bell Atl. Enters. Flexible Long-Term Disability Plan*, 32 F.3d 337, 339 (8th Cir. 1994)). In the Eighth Circuit, language reading "like a typical insurance policy" does not merit deference. *Ravenscraft v. Hy-Vee Emp. Benefit Plan & Tr.*, 85 F.3d 398, 403 n.2 (8th Cir. 1996).

> The decision to confer discretion on an ERISA plan administrator affects both the rights of plan participants and beneficiaries, and the administrator's burden to assemble an adequate claims record and to adequately explain its decision at the administrative level. It is relatively easy for an insurer to use unambiguous discretion-conferring language when its group policy will serve as an ERISA plan . . . . Therefore, when the insurer instead issues a policy containing ambiguous claims submission language commonly used in

>non-ERISA contexts, the presumption should be there was no intent to confer such discretion.

*Walke*, 256 F.3d at 840 (citations omitted). Thus, it is not sufficient to state that benefits will be paid if the insured "submits **satisfactory proof** of Total Disability to us," even though it would have been sufficient to state that benefits will be paid only if the insured submits "proof **satisfactory to us**." *Id.* at 839-40 (emphases added). Likewise, it is insufficient to state that benefits will be paid "after [the insurer] receives adequate proof of loss," *Bounds*, 32 F.3d at 339, or to state that "[w]ritten proof of loss must be furnished" for benefits to be paid, *Brown v. Seitz Foods, Inc., Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998); *see also Bowers v. Life Ins. Co. of N. Am.*, 21 F. Supp. 3d 993, 1000 (D. Minn. 2014) ("In order to qualify for Waiver of Premium an Employee must submit due proof that he or she has been Disabled . . . .").

Nor is a grant of authority for one purpose sufficient to grant authority for others.[1] For instance, authority to make a "conclusive" determination about whether or not an institution is approved to provide certain care does not confer discretionary authority to determine the nature of a patient's care. *Dvorak v. Metro. Life Ins. Co.*, 965 F.2d 606, 609 & n.3 (8th Cir. 1992). And "final authority to determine all matters of eligibility for the payment of claims" does not confer discretionary authority to construe ambiguous terms in the plan. *Baxter ex rel. Baxter v. Lynn*, 886 F.2d 182, 188 (8th Cir. 1989).

---

[1] As such – contrary to Union Security's claim – the Court's finding that the authority provision grants at a minimum "any" discretionary authority does not compel the conclusion that it grants the particular discretionary authority relevant to Cassidy's motion.

By contrast, it is sufficient in the Eighth Circuit to state that the insurer may insist on proof "satisfactory to [the insurer],"[2] that a party has "full and exclusive authority to control and manage the Plan, to administer claims, and to interpret the Plan and resolve all questions,"[3] that the insurer has "full discretion and authority to determine eligibility for benefits and to construe and interpret [the policy's] terms and provisions,"[4] or that term definitions may be construed "as determined by the [plan sponsor]."[5]  *See generally Armstrong v. Great Lakes Higher Educ. Corp.*, No. 00-1543, 2002 WL 459077, at *3 (D. Minn. Mar. 18, 2002) (collecting cases and noting that there is "no bright line test" for courts to use in making this determination).

The Court must determine whether the authority provision in the Plan is more like "unambiguous discretion-conferring language" or "ambiguous claims submission language." The authority provision reads as follows:

> The *policyholder* delegates to us and agrees that we have the authority to determine eligibility for participation or benefits and to interpret the terms of the *policy*. However, this provision will not restrict any right you may have to pursue an appeal or file a lawsuit if your claim for benefits is denied.

---

[2] *Prezioso v. Prudential Ins. Co. of Am.*, 748 F.3d 797, 803 (8th Cir. 2014) (noting that this formulation eliminates the ambiguity of the "satisfactory proof" term used in *Walke*).

[3] *McKeehan v. Cigna Life Ins. Co.*, 344 F.3d 789, 792 (8th Cir. 2003),

[4] *McGarrah v. Hartford Life Ins. Co.*, 234 F.3d 1026, 1027, 1030 (8th Cir. 2000), *abrogated on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

[5] *Finley v. Special Agents Mut. Benefit Ass'n*, 957 F.2d 617, 619 (8th Cir. 1992).

(1st Nolan Aff. ¶ 2, Ex. A at 32.)  Crucial to Cassidy's objection is the contrast between this provision and the more explicit authority provisions in Union Security's short-term disability and life insurance policies:

> We have the sole discretionary authority to determine eligibility for participation or benefits and to interpret the terms of the *policy*.  All determinations and interpretations made by us are conclusive and binding on all parties.

(Aff. of Mark M. Nolan ("2d Nolan Aff.") ¶ 2, Ex. A at 3, Nov. 21, 2017, Docket No. 34; 2d Nolan Aff. ¶ 3, Ex. B at 3.)

It is true that the language of the Plan's authority provision is not nearly as unequivocal as the language Union Security used in the other two policies – language that closely tracks the broadest language used above and indisputably grants discretionary authority.  The Plan's authority provision does not grant "sole" or "full" authority or specify that the authority granted is "discretionary," and it does expressly state that the provision "will not restrict any right [the insured] may have to pursue an appeal or file a lawsuit."  On the other hand, the language is significantly more discretion-granting than the "ambiguous claims submission language" of *Walke*, *Bounds*, *Brown*, and *Bowers*, because it explicitly grants "authority" to determine benefits and to interpret terms.  This use of the word "authority" is a much more straightforward delegation than that implied by a requirement of proof "satisfactory to us."

Although the authority provision is not as clear as it could have been, the Court nonetheless finds that the Plan explicitly grants the relevant discretion to Union Security.  Therefore, the Court will deny Cassidy's motion for de novo review.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Defendant's Objections [Docket No. 49] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 48] to the extent it is consistent with this opinion. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion in Support of De Novo Standard of Review [Docket No. 14] is **DENIED**.

DATED:  March 6, 2018  　　　　　　　　　　　　　_____s/John R. Tunheim_____
at Minneapolis, Minnesota.　　　　　　　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court